1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DYLAN JAMES ANDERSON,                    No. 2:24-cv-02954-EFB (HC)

12              Petitioner,

13      v.                                     ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   FEDERAL BUREAU OF PRISONS,

15              Respondent.

16

17          Petitioner is a federal prisoner proceeding without counsel in this petition for writ of

18   habeas corpus.  ECF No. 1.  On April 9, 2025, respondent filed a motion to dismiss.  ECF No. 10.

19   Petitioner did not respond to the motion to dismiss; nor did he request an extension of time to

20   respond.  As a result, on October 29, 2025, this court issued an order to show cause requiring

21   petitioner to file within thirty days an opposition to respondent's motion.  ECF No. 11.  The order

22   cautioned petitioner that "[f]ailure to file an opposition will be deemed as consent to have the: (a)

23   action dismissed for lack of prosecution; and (b) action dismissed based on petitioner's failure to

24   comply with these rules and a court order.  Said failure shall result in a recommendation that this

25   action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)."  *Id.*  Petitioner has still

26   not filed a response to respondent's motion to dismiss; indeed, petitioner has not filed anything at

27   all in this action since respondent filed its motion in April 2025.

28   ////

                                                   1

1    Having filed this action, petitioner is obligated to prosecute it by timely responding to

2  filing deadlines or seeking extensions of those deadlines from the court.  Local Rule 230(l)

3  provides in part: "Failure of the responding party to file written opposition or to file a statement

4  of no opposition may be deemed a waiver of any opposition to the granting of the motion. . . ."

5  Local Rule 230(l).  Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provide for

6  dismissal if the plaintiff fails to prosecute the case or to comply with the federal rules or a court

7  order.[1]  Here plaintiff has essentially ignored the defendant's motion, ignored the federal and

8  court rules and the court's order, which specifically directed him to file an opposition, and

9  ignored the admonition in that order that a failure to comply would "result in a recommendation

10  that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)."  ECF No. 11.

11    As noted *supra*, in addition to failing to respond to respondent's motion or to the court's

12  order to show cause, petitioner has not filed *anything* with this court in many months.

13    In determining to recommend that this action be dismissed, the court has considered the

14  five factors set forth in *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Petitioner's failure to

15  comply with the Local Rules has impeded the expeditious resolution of the instant litigation and

16  has burdened the court's docket, consuming scarce judicial resources in addressing litigation

17  which petitioner is not currently diligently prosecuting.  Although public policy favors disposition

18  of cases on their merits, petitioner's failure to oppose respondent's pending motion has interfered

19  with the court's ability to do so.  In addition, respondent is prejudiced by the inability to reply to

20  opposition briefing and have the case resolved.  Finally, the court has informed petitioner of the

21  requirements under the Local Rules and granted ample additional time to oppose the pending

22  motion to dismiss, all to no avail.  The court finds no suitable alternative to dismissal of this

23  action.

24  ////

25

26    [1] "Failure to follow a district court's local rules is a proper ground for dismissal."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Pro se litigants are bound by the rules of procedure,
27  even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Jacobsen v. Filler*, 790 F.2d 1362 1364-65 (9th Cir. 1986).

28

1    It is HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this

2    action.  Further, it is RECOMMENDED that this action be DISMISSED pursuant to Federal Rule

3    of Civil Procedure 41(b) and the Clerk of Court be directed to administratively terminate all

4    pending motions, including respondent's motion to dismiss.  *See also* E.D. Cal. L.R. 230(l).

5    These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

7    after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties. Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

10   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

11   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

12   his objections petitioner may address whether a certificate of appealability should issue in the

13   event he files an appeal of the judgment in this case.

14

15   Dated: December 16, 2025

16                                                    EDMUND F. BRENNAN
                                                     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

3